IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SHERRY L. DAVENPORT, )
)
Plaintiff, )
)
v. ) 1:12cv1315 (LMB/JFA)
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social )
Security Administration, )
)
Defendant. )

ORDER

Before the Court are plaintiff's timely objections [Dkt. No. 20] to a Report and Recommendation ("Report") [Dkt. No. 19] issued by a magistrate judge. The Report, which plaintiff concedes was "meticulously researched and presented," Pl.'s Obj. at 1, recommended that defendant's motion for summary judgment be granted. For the reasons stated below, the Court will adopt the magistrate judge's Report in its entirety and grant the defendant's motion for summary judgment.

I. BACKGROUND

On August 5, 2008, plaintiff Sherry L. Davenport ("Davenport") received a Notice of Award from the Social Security Administration ("SSA") finding her disabled as of December 21, 2007, and informing her that she was entitled to Disability Insurance Benefits ("DIB") in the amount of $887.00 per month effective June 2008. Administrative Record ("A.R.") at 26-28. Davenport was granted a

civil service retirement system disability annuity ("CSRS disability annuity") on November 22, 2008; the monthly annuity payment for November 2008 was $5,201.00, and the amount rose to $5,227.00 for December 2008 and the following months. A.R. at 9. This annuity arose out of Davenport's 31 years and 8 months of credited service working for the federal government; however, she was eligible to receive payments when she retired at age 53 only because of her disabled status. See 5 U.S.C. §§ 8336(a), 8337(a); Report at 18-20.

A Notice of Change of Benefits dated August 30, 2009, informed Davenport that the SSA was applying the Windfall Elimination Provision ("WEP") offset[1] to her SSA benefit payment because she was receiving "both Social Security and a pension based on work which is not covered by Social Security." A.R. at 106. The WEP offset reduced Davenport's DIB payment to $570.00 per month, and was retroactively applied back to November 2008, when she first received both a DIB payment and an annuity payment. A.R. at 106-08.

The SSA then sent an Important Information notice dated January 29, 2010, informing Davenport that her DIB were also subject to the Public Disability Benefit ("PDB") offset as a result of her CSRS disability annuity. A.R. at 109-14. The SSA calculated that

---

[1] The WEP offset reduces the amount of a Social Security benefit when a person also receives "a pension from employment in which [she] did not pay Social Security taxes," based on the person's "earnings and number of years in jobs in which [she] paid Social Security taxes, and the year [she] [is] age 62 or bec[a]me disabled." A.R. at 120.

2

Davenport was entitled to only $31.00[2] per month beginning December 2008 based on the PDB offset. A.R. at 109, 116. The SSA also informed her that as a result of these offsets, she had received an overpayment of $7,007.00 between November 2008 and December 2009. A.R. at 110.

On February 12, 2010, Davenport filed a request for reconsideration of the reduction based on the PDB offset. A.R. at 74-75, 113-14. In a Notice of Reconsideration dated August 11, 2010, the SSA found that the reduction to $31.00 per month was proper, but calculated the total overpayment to be $11,237.00 instead of $7,007.00. A.R. at 93-100. The SSA informed Davenport in a Notice of Overpayment dated August 16, 2010, however, that the total overpayment was $7,577.00. A.R. at 38-40.

On September 2, 2010, Davenport sent a letter requesting a hearing before an Administrative Law Judge and acknowledging that she had been overpaid DIB based on the WEP offset. A.R. at 41-43. She indicated that she had sent $1,022.00 to the SSA to cover that overpayment. A.R. at 41. After a hearing on November 4, 2010, A.R. at 142-64, the ALJ issued a decision finding that Davenport was liable for $7,557.00 in overpayment based solely on the WEP offset, that

---

[2] Although the letter indicates that Davenport would receive $31.20 beginning in December 2008, it further states that around February 24, 2010, she would receive a payment of $31.00 for January 2010, and would receive $31.00 around the fourth Wednesday of each month thereafter. A.R. at 109; see also A.R. at 116.

3

she had paid $1,022.00 toward that amount, and accordingly that her remaining balance was $6,535.00. A.R. at 16-18. Plaintiff filed a request that the SSA Appeals Council ("the Council") review the ALJ's decision, A.R. at 85-88, which was granted on August 14, 2012, A.R. at 129-32.

The Council issued a final agency decision on September 21, 2012, A.R. at 4-11, rejecting the ALJ's determination that Davenport had been overpaid only $7,557.00. A.R. at 9. Instead, the Council adopted the SSA's August 11, 2010 decision that Davenport's SSA benefits were subject to both the WEP and PDB offsets, and that Davenport had been overpaid $11,237.00 for the period from November 2008 until December 2009. A.R. at 9. The Council did not, however, give Davenport credit for her payment of $1,022.00. See Report at 5 n.5, 29.

On November 16, 2012, Davenport timely filed this civil action requesting review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Dkt. No. 1. The parties' cross-motions for summary judgment were considered by a magistrate judge, who issued a Report on March 27, 2013. The Report recommended that plaintiff's motion for summary judgment [Dkt. No. 11] be denied, that defendant's motion for summary judgment [Dkt. No. 12] be granted, and that the Commissioner's final decision be affirmed in part, subject only to the clarification that plaintiff is entitled to a credit of $1,022.00 for the payment she made, such that her outstanding liability is not

4

$11,237.00 but $10,215.00. Report at 29. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file timely objections waived the right to appeal the substance of the Report and any judgment based upon the Report. Plaintiff timely filed her objections, which are now before the Court.

II. DISCUSSION

If a party files written objections to the magistrate judge's Report, the district judge must make a de novo determination of those portions of the Report to which objection is made and either accept, reject, or modify the magistrate judge's findings or recommendations. See 28 U.S.C. § 636(b)(1). Plaintiff has raised only two objections. First, she reiterates her argument that applying the PDB offset in addition to the WEP offset to her DIB payments is "an arguably unconstitutional application of the law under the Rehabilitation Act," maintaining that "this issue is one of first impression." Pl.'s Obj. at 1-2. Second, she requests that the Court "direct the SSA to provide a thorough review and audit of the calculation of indebtedness of Plaintiff" before this proceeding is closed. Id. at 4-5. After reviewing the administrative record and the Report de novo, the Court finds that the Report is thorough, thoughtful, and well supported by the record and the applicable law, that its conclusions are entirely correct, and that no further review of the calculation of indebtedness is required.

The Rehabilitation Act provides in pertinent part that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, . . . be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a). Plaintiff argues that she has been subjected to such discrimination because government employees receiving pensions that are not based on disability have their DIB payments reduced only by the WEP offset, whereas her DIB payments have been reduced not only by the WEP offset but also by the significantly more financially punitive PDB offset. See Pl.'s Obj. at 1-4. The Report correctly notes, however, "that because Social Security DIB are only available for individuals with disabilities, there is no discrimination here between disabled and non-disabled individuals." Report at 28. Instead, "the sole differential treatment is between disabled individuals who receive public disability benefits in addition to Social Security DIB and [disabled individuals] who do not receive public disability benefits in addition to Social Security DIB." Id. Because plaintiff is not receiving lower DIB payments "solely by reason of her . . . disability," 29 U.S.C. § 794(a), this differential treatment does not violate the Rehabilitation Act.

Plaintiff is correct that the record reveals that the SSA has made disparate calculations of how much she owes from overpayment; however, outside of her legal arguments she has identified no error

6

in the overpayment calculation of $11,237.00. As the Report concluded, "[t]he only need for clarification is that the plaintiff is entitled to a credit of $1,022.00 for the payment made toward" that amount. Report at 29. Accordingly, the outstanding amount owed by Davenport has been properly calculated to be $10,215.00, and there is no need to consume SSA resources redoing that calculation.

For these reasons, plaintiff's Objection [Dkt. No. 20] is OVERRULED, plaintiff's Motion for Summary Judgment [Dkt. No. 11] is DENIED, defendant's Motion for Summary Judgment [Dkt. No. 12] is GRANTED, and it is hereby

ORDERED that judgment in the amount of $10,215.00 be and is entered in defendant's favor.

The Clerk is directed to enter final judgment in defendant's favor pursuant to Fed. R. Civ. P. 58 and to forward copies of this Order to counsel of record.

Entered this 17th day of May, 2013.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge